IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HUEY GOODWIN, JR.                                                          PLAINTIFF

vs.                                  Civil No. 4:12-cv-04085

CAROLYN W. COLVIN                                                         DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Huey Goodwin, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB")

under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O.

Hickey referred this case to this Court for the purpose of making a report and recommendation. In

accordance with that referral, and after reviewing the arguments of counsel, this Court recommends

Plaintiff's case be **REVERSED AND REMANDED.**

1.   **Background:**

Plaintiff filed his disability applications on December 8, 2009. (Tr. 18). In his applications,

Plaintiff alleges being disabled due to back pain, high blood pressure, neck and shoulder pain, and

headaches. (Tr. 157). Plaintiff alleges an onset date of November 2, 2009. (Tr. 157). These

applications were denied initially and again on reconsideration. (Tr. 18, 67-81).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing

request was granted.  (Tr. 80).  An administrative hearing was held on December 3, 2010 in Texarkana, Arkansas.  (Tr. 34-60).  At the administrative hearing, Plaintiff was present and was represented by Steve Smith, a non-attorney representative.  *Id.*  Plaintiff testified at this hearing.  *Id.* On the date of this hearing, Plaintiff was forty-four () years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB).  (Tr. 37).  Plaintiff also testified at the administrative hearing in this matter that he stopped going to school in the sixth grade.  (Tr. 38).

On January 24, 2011, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications.  (Tr. 18-28).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013.  (Tr. 20, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 2, 2009, his alleged onset date.  (Tr. 21, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: lumbosacral degenerative disc disease, hypertension, gout in both ankles and morbid obesity.  (Tr. 21, Finding 3).  The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 21-22, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 22-27, Finding 5). In making this evaluation, the ALJ  considered Plaintiff's subjective complaints and found they were not credible to the extent he alleged.  *Id.*  Also, the ALJ found the Plaintiff retained the RFC for light work but was limited to occasional climbing of ramps, stairs, ladders, ropes, and scaffolds.  Plaintiff was also limited to occasional balancing stooping, kneeling crouching, and crawling.  *Id.*

Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 27, Finding 6).  The ALJ

2

determined his PRW included work as an off bearer and labor.  *Id.*  The ALJ found Plaintiff did not retain the capacity to perform any of his PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 27, Finding 10).  The ALJ then used Medical-Vocational Guidelines Rule 202.18 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity.  *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.21.  (Tr. 28).  The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of the decision.  (Tr. 28, Finding 10).

Thereafter, on February 15, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 14).  On June 2, 2012, the Appeals Council declined to review this disability determination.  (Tr. 1-3).  On July 18, 2012, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 7,12.  This case is now ready for decision.

## 2.    <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

3

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

4

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ improperly discounted opinion evidence and (2) the ALJ improperly and inappropriately discredited his subjective complaints.  ECF No. 7 at 7-15.  Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints.  Thus, the Court will only evaluate Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. While the ALJ indicated the factors from *Polaski* had been considered (Tr. 23), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility.

The ALJ's failure to actually consider the *Polaski* factors, failure to provide any inconsistencies between Plaintiff's subjective complaints and the record, and his reliance on Plaintiff's medical records alone was in error. *See Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

6

**4.**     <u>**Conclusion**</u>:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 8th  day of April 2013.

/s/   Barry A. Bryant_____
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE