IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HUEY GODWIN, JR.            PLAINTIFF

vs.            Civil No. 4:12-cv-04085

CAROLYN COLVIN            DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiff's Request for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 16.[1] Defendant has not responded to this Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background:**

Huey Godwin, Jr. ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On April 26, 2013, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 14.

On July 16, 2013, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 16. With this Motion, Plaintiff requests an award of attorney's fees of $2,379.23. *Id.* This amount represents 12.40 attorney hours in 2012 at an hourly rate of $182.91 and 0.60 hours in 2013 at an hourly rate of $185.25. *Id.* Defendant did not respond to this Motion.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a

---

[1] The docket numbers for this case are referenced by the designation "ECF No._____."

prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that

an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

3. **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 14. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $2,379.23 under the EAJA. ECF No. 16. Plaintiff requests these fees at a rate of $182.91 per hour for work performed in 2012 and $185.25 per hour for work performed in 2013. *Id.* An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. Although the Court agrees Plaintiff is entitled to an enhanced hourly rate, Plaintiff's requested rate for attorney work performed in 2012 and 2013 is excessive.

On January 6, 2012, this Court issued Amended General Order No. 39, which directs adjustments made for cost of living increases be computed using the CPI-South index as published by the Bureau of Labor Statistics. Pursuant to the directives of the General Order, the allowable hourly rate for 2012 is $180.00 and $183.00 for 2013.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application.

ECF No. 16-2. This Court notes Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $2,341.80 representing 12.40 attorney hours in 2012 at an hourly rate of $180.00 and 0.60 hours in 2013 at an hourly rate of $183.00.

Finally, pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), attorney's fees are to be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff be awarded **$2,341.80,** in attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **13th day of August 2013.**

          /s/   Barry A. Bryant
          HON. BARRY A. BRYANT
          U.S. MAGISTRATE JUDGE